UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SANDBURG VILLAGE APARTMENTS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:08-cv-03446 |
| v. | ) | (Consolidated with |
| | ) | 1:08-cv-02480) |
| ILLINOIS HOUSING DEVELOPMENT AUTHORITY | ) | |
| | ) | Honorable Virginia M. Kendall |
| | ) | |
| Defendant and Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN C. PRESTON, Secretary, United States Department of Housing and Urban Development, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## AMENDED THIRD-PARTY COMPLAINT

1. Third-party plaintiff, the Illinois Housing Development Authority ("IHDA"), brings this amended third-party complaint against the Secretary of the United States Department of Housing and Urban Development ("HUD"), seeking relief in the event that IHDA is found liable to plaintiff for breach of contract in this matter.

### JURISDICTION AND VENUE

2. The Court has jurisdiction of this action, which arises under federal law, pursuant to 28 U.S.C. §§ 1331, 1361, 2201, 2202, and 5 U.S.C. §§ 701 - 706.

3. Sovereign immunity is waived by 5 U.S.C. § 702 and 42 U.S.C. § 1404a.

4. Venue is proper in this Court under 28 U.S.C. § 1391(e).

## PARTIES

5.     Third-party plaintiff, Illinois Housing Development Authority, was created under the laws of Illinois and is a public housing agency as defined by the United States Housing Act of 1937 ("1937 Act"), 42 U.S.C. § 1437a(b)(6)(B).

6.     Third-party defendant, Steven C. Preston, is the Secretary of HUD, and is sued in his official capacity.

## FACTS

### The Section 8 Program

7.     This action arises under Section 8 of the 1937 Act, 42 U.S.C. § 1437f ("Section 8"). Pursuant to Section 8, HUD provides rent subsidies on behalf of low-income families living in rental housing owned primarily by private persons and entities.

8.     Under Section 8, rent subsidies are provided by means of a Housing Assistance Payment Contract ("HAP Contract") with a private owner of multifamily rental housing that establishes Contract Rents for apartment units which are leased to low-income families; pursuant to the HAP Contract, "housing assistance payments" are made to the owner to cover all or a portion of those Contract Rents.

9.     Some HAP Contracts are made directly between HUD and the housing owner.

10.    Alternatively, Section 8 authorizes the Secretary of HUD to enter into an Annual Contributions Contract ("ACC") with a public housing agency ("PHA"), pursuant to which the PHA then enters into a HAP Contract with the housing owner. HUD provides all of the funding for the housing assistance payments and prescribes the form of the ACC and the HAP Contract.

11.    Each HAP Contract entered into by a PHA pursuant to Section 8 is approved by HUD, thereby signifying that it has executed the ACC and that the ACC has been properly

authorized, that the faith of the United States is solemnly pledged for the payment of annual contributions pursuant to the ACC; and that funds have been obligated by the Government for such payments to assist the PHA in the performance of its obligations under the HAP Contract.

12. The PHA serves as the "Contract Administrator" with respect to any HAP Contract to which it is a party and is responsible for monitoring the housing owner's performance of its obligations under the HAP Contract. The PHA is obliged to administer the HAP Contract in accordance with HUD requirements and directives and HUD is obliged to fund all housing assistance payments that are owed pursuant to the HAP Contract.

### IHDA's Participation in the Section 8 Program

13. IHDA entered into an ACC with HUD and a HAP Contract with plaintiff Sandburg Village Apartments regarding the multifamily housing project at issue in this action in 1980. The term of this HAP Contract, with automatic renewals, extends to 2020.

14. IHDA entered into similar contractual arrangements under the Section 8 program with respect to numerous other multifamily housing projects in Illinois.

15. IHDA has administered the HAP Contracts for all of its Section 8 projects, including Sandburg Village Apartments, in accordance with HUD requirements and directives, and HUD has funded all housing assistance payments made pursuant to those HAP Contracts.

### The Changes in Rent Increase Procedures

16. Each HAP Contract provides for annual increases of the Contract Rents under specified conditions.

17. In 1994 Congress amended Section 8 to place certain additional limitations on annual increases in Contract Rents. Pub.L. No. 103-327, 108 Stat. 2298, 2315 (1994). Subsequent statutory amendments cumulatively made these limitations (the "1994 amendments")

applicable to subsequent years. *See* Pub.L. No. 105-33, § 2004, 111 Stat. 257 (1997); Pub.L. No. 105-65, § 201(C)(1), 111 Stat. 1364 (1997); Pub.L. No. 104-204, § 201(g), 110 Stat. 2893 (1996).

18. On March 7, 1995, HUD issued Notice H 95-12 for the purpose of implementing the revisions to Section 8 made by Congress. This directive imposed additional requirements beyond those contained in existing HAP Contracts or the 1994 amendments.

19. IHDA has administered the HAP Contracts for all of its Section 8 projects in accordance with Notice H 95-12 and the 1994 amendments, and has only adjusted Contract Rents as directed and permitted by HUD.

20. Various housing owners who are parties to HAP Contracts executed before enactment of the 1994 amendments have challenged the application of those amendments and Notice H 95-12 to their HAP Contracts as a breach of their contract rights. Certain federal courts have ruled in favor of these owners.

### The Instant Action

21. The claims asserted by plaintiff in this action are consistent with the claims previously made by other similarly situated housing owners in other federal courts.

22. The alleged breaches of plaintiff's HAP Contract – relating to failure to adjust Contract Rents, reduction in annual adjustment factors, and requirement of a rent comparability study at the owner's expense – all result from IHDA following HUD directives, including the 1994 amendments and Notice H 95-12.

23. IHDA cannot grant Plaintiff the relief it seeks herein unless and until HUD directs or permits IHDA to do so, which has not yet happened, and IHDA cannot provide this relief until HUD provides the requisite funding.

24. The alleged breaches of plaintiff's HAP Contract affect not only past rent increases that were not granted, but also future annual rent increases for Sandburg Village Apartments.

25. The legal issues relating to the alleged breaches of plaintiff's HAP Contract also affect future annual rent increases for some or all of the other Section 8 projects for which IHDA has entered into similar pre-1994 HAP Contracts and ACCs.

26. IHDA cannot properly and uniformly administer the Section 8 HAP Contracts to which it is a party, including plaintiff's Section 8 HAP contract, without clarification of (a) its legal rights and obligations with respect to the calculation of annual rent increases, and (b) HUD's rights and obligations with respect to the calculation and funding of annual rent increases.

## COUNT I

(Administrative Procedure Act)

27. The allegations of paragraphs 1 through 26 are incorporated by reference as if set forth fully herein.

28. If IHDA has breached plaintiff's HAP Contract and has applied incorrect requirements and procedures to the adjustment of Contract Rents, it has done so at the direction of HUD and pursuant to HUD requirements.

29. If HUD has caused IHDA to breach plaintiff's HAP Contract and to apply incorrect requirements and procedures to the adjustment of Contract Rents for other HAP Contracts to which IHDA is a party, HUD's actions are arbitrary, capricious, an abuse of discretion, contrary to law, and contrary to constitutional right, in violation of 5 U.S.C. § 706.

30. If HUD has caused IHDA to breach plaintiff's HAP Contract and to apply incorrect requirements and procedures to the adjustment of Contract Rents for other HAP

5

Contracts to which IHDA is a party, HUD must provide any additional housing assistance payments, retroactive or prospective, to which plaintiff or other Section 8 housing owners are entitled when adjustments to the Contract Rents are calculated correctly and in conformance with applicable legal requirements.

## COUNT II

(Contract/Indemnification)

31. The allegations of paragraphs 1 through 30 are incorporated by reference as if set forth fully herein.

32. If HUD has caused IHDA to breach its Section 8 HAP Contract with plaintiff, HUD has breached the related ACC with IHDA.

33. If HUD has caused IHDA to breach its Section 8 HAP Contract with plaintiff, IHDA is entitled to indemnification by HUD for all costs and expenses it has sustained or will sustain to remedy those breaches.

## COUNT III

(Declaratory Judgment)

34. The allegations of paragraphs 1 through 33 are incorporated by reference as if set forth fully herein.

35. IHDA seeks a declaration of its rights and responsibilities in applying the 1994 amendments and Notice H 95-12 with respect to future adjustments of Contract Rents for the HAP Contracts to which it is a party, and its right to have such rent adjustments funded by HUD pursuant to the related ACCs.

WHEREFORE, if the Court finds that IHDA has breached the plaintiff's HAP Contract, then IHDA prays that the Court:

A. Rule that any breach by IHDA of plaintiff's HAP Contract was caused by HUD;

B. Declare HUD's actions that caused the claimed breaches of plaintiff's HAP Contract are arbitrary, capricious, an abuse of discretion, contrary to law, and/or contrary to constitutional right, in violation of 5 U.S.C. § 706;

C. Order that HUD shall perform, and/or allow IHDA to perform, future adjustments of the Contract Rents for HAP Contracts to which IHDA is a party in accordance with applicable legal requirements;

D. Declare the respective rights and responsibilities of IHDA and HUD in applying the 1994 amendments and Notice H 95-12 with respect to determining and funding future adjustments of Contract Rents for the HAP Contracts to which IHDA is a party.

E. Order HUD to provide any additional housing assistance payments to which plaintiff or other Section 8 housing owners are entitled when Contract Rents are adjusted in a lawful and proper fashion;

F. Declare that HUD has breached its ACC with IHDA covering Village West;

G. Declare that IHDA is entitled to indemnification from HUD for all costs and expenses it has sustained or will sustain as a result of the claimed breaches of plaintiff's HAP Contract caused by HUD; and

H. Award IHDA its costs, disbursements and attorney's fees in this action; and

I. Grant such other and further relief as is just and proper.

                        Respectfully submitted,

                        __/s/ Martin G. Durkin_____
                        Martin G. Durkin, Esq., ARDC # 6199640
                        martin.durkin@hklaw.com
                        Christopher J. Murdoch, ARDC #6196537
                        chris.murdoch@hklaw.com
                        HOLLAND & KNIGHT LLP
                        131 South Dearborn Street
                        Chicago, IL 60603
                        312-578-6574
                        312-857-6666(fax)

                        Attorneys for Defendant and Third-Party Plaintiff
                        *Illinois Housing Development Authority*

Of Counsel

Steven D. Gordon
HOLLAND & KNIGHT LLP
2099 Pennsylvania Avenue, N.W., Suite 100
Washington, D.C. 20006
Telephone: (202) 955-3000
Fax: (202) 955-5564
Email: sgordon@hklaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on, August 19, 2008, I electronically transmitted the foregoing **Amended Third-Party Complaint** to the Clerk of the Court, using the ECF systems for filing, and caused the ECF system to transmit a Notice of Electronic Filing to the counsel of record listed on the ECF system for this case and served via United States Mail, postage prepaid, upon the following non-CM/ECF participants:

>
> Carl A.S. Coan, Jr.
> Coan & Lyons
> 1100 Connecticut Avenue, N.W.
> Suite 1000
> Washington, DC 20036
> (202) 728-1070
> (202) 293-2448

/s/ Martin G. Durkin, Jr.
Martin G. Durkin, Jr.